# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| VANESSA K. JENNINGS,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations,[1]<br><br>    Defendant. | No. C17-3062-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable C.J. Williams, Chief United States Magistrate Judge.  Doc. No. 24.  Judge Williams recommends that I reverse and remand the decision of the Commissioner of Social Security (the Commissioner) denying the applications by plaintiff Vanessa K. Jennings for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et. seq.* (Act).

Judge Williams recommends I remand with instructions to reevaluate whether work exists in significant numbers in the national economy that Jennings can perform.  If the Commissioner finds Jennings can perform the job of document preparer, then Judge Williams recommends I instruct the Commissioner to make specific findings with respect

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)).  U.S. Gov't Accountability Off., GAO-B-329853, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration (2018).  As of that date, Berryhill was not authorized to serve using the title of Acting Commissioner.  Therefore, as of November 17, 2017, she has been leading the agency from her position of record, Deputy Commissioner of Operations.  For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

to whether Jennings has the reasoning level necessary to perform the job. Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); see 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not

"reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.     *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* The Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3D 803, 815 (8th Cir. 1994). As this court has previously stated, "[e]ven if the reviewing court must construe objections liberally to require *de novo* review, it is clear to this court that there is a distinction between making an objection and making no objection at all . . . ." *Lynch v. Astrue*, 687 F. Supp. 2d 841 (2010) (citing *Coop. Fin. Assoc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996)). This court will provide de novo review of all issues that might be addressed by any objection, but will review for clear error matters to which no objection at all has been made. *Id*.

## III. THE R&R

On November 23, 2009, Jennings filed applications for social security benefits, which were denied administratively and, later, by a federal district court. AR 192. Jennings subsequently filed her present applications for DIB and SSI benefits, alleging disability beginning March 1, 2012. An Administrative Law Judge (ALJ) found Jennings had severe impairments of disability due to obesity, obstructive sleep apnea, epilepsy, major depressive disorder, general anxiety disorder, posttraumatic stress disorder, asthma, chronic obstructive pulmonary disease and hearing loss. AR 194. The ALJ found Jennings unable to perform any past relevant work but found there were jobs that existed in significant numbers in the national economy she could perform. AR 208. Therefore, the ALJ found that Jennings was not disabled. *Id.*

Jennings raises four issues in arguing that the ALJ erred: (1) the ALJ did not properly evaluate the opinions of Nirmal Bastola, M.D., and Dan Murphy, Ph.D., (2) the ALJ's RFC assessment is not supported by substantial evidence on the record as a whole, (3) the ALJ failed to prove that other work exists in significant numbers in the national economy that Jennings can perform and (4) the Commissioner failed to provide a complete administrative record. With respect to the first argument, Judge William addressed each medical opinion separately. Judge Williams noted that Dr. Bastola assessed both physical and mental limitations. Doc. No. 24 at 10. He found that the record was insufficient to demonstrate that Dr. Bastola's opinions were independently corroborated because those opinions were "offered on a form that was largely a checkbox form." *Id.* at 11. As such, Judge Williams held that the ALJ could properly discount them. *Id.* at 12. He also found that the ALJ provided good reasons for the weight afforded to Dr. Bastola's opinions and considered all relevant evidence. *Id.* at 12–13.

Judge Williams next found that the ALJ's assessment of Jennings' RFC was not inconsistent with Dr. Murphy's opinion. *Id.* at 14–15. Dr. Murphy opined that Jennings could understand and remember simple instructions as well as detailed instructions with some difficulty. *Id.* at 14. Even if the RFC assessment was inconsistent, Judge Williams

found there was no error in the ALJ's treatment of Dr. Murphy's opinion. *Id.* at 15. The ALJ highlighted evidence that did not support the limitations Dr. Murphy suggested, which was sufficient to support the ALJ's decision. *Id.* at 16.

With respect to Jennings' second argument, Judge Williams found that the ALJ addressed both Jennings' physical and mental impairments, relied on statements by the claimant and her friends and discussed the medical records "at length." *Id.* at 17. The ALJ's discussion of the records came from multiple sources, was limited to recounting information and applying it to the RFC standard. *Id.* at 17–18. Judge Williams stated, "[t]he ALJ's decision shows that he carefully considered each piece of evidence and relied on the findings contained in the medical records themselves, as well as the opinions offered by the various medical sources." *Id.* at 19. He found the ALJ's decision was supported by substantial evidence on the record as a whole. *Id.*

As for Jennings' third argument, Judge Williams noted that the ALJ found Jennings could perform the work of both an addresser and a document preparer. *Id.* He then addressed whether Jennings was mentally capable of performing the work of a document preparer. *Id.* at 20. After noting the definition of "document preparer" in the *Dictionary of Occupational Titles*, he found there was tension between the ALJ's RFC assessment and the reasoning level necessary to perform that work, which the ALJ did not resolve. *Id.* The *Dictionary* states that a document preparer requires a reasoning level of three, which Judge Williams stated is inconsistent with the ALJ's limitation of "simple, routine tasks with simple instructions." *Id.* at 20. He found that because the record was insufficient to resolve this tension, he could not determine whether Jennings could perform the job. *Id.* at 20, 23.

Judge Williams then turned to whether the job of addresser exists in significant numbers in the national economy. *Id.* at 21. Judge Williams noted that the vocational expert's definition of the work was different than the definition provided in the *Dictionary of Occupational Titles*. *Id.* He found that the ALJ did not provide a reasonable explanation for the conflict and that the record is insufficient to determine whether the

vocational expert's testimony is reliable. *Id.* at 22. Therefore, Judge Williams was "unable to definitively find whether the job of addresser exists in significant numbers in the national economy." *Id.* Judge Williams recommended that I reverse and remand the ALJ's decision with instructions to reevaluate whether work exists in significant numbers in the national economy that Jennings could perform. *Id.* at 23. Additionally, Judge Williams recommends that if the ALJ finds Jennings can perform the job of document preparer, I should direct the ALJ to make specific findings as to whether Jennings has the necessary level of reasoning. *Id.*

As for Jennings' fourth argument, Judge Williams found that the medical records Jennings alleges were not reviewed were, in fact, present in the record. *Id.* at 23–24. As a result, Judge Williams found that the record is complete. *Id.*

## IV.     ANALYSIS

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards for evaluating (1) the ALJ's treatment of and weight assigned to the medical opinions, (2) the ALJ's RFC assessment, (3) the ALJ's determination of whether work exists in significant numbers in the national economy that Jennings could perform and (4) the completeness of the record. Based on my review of the record, I find no error – clear or otherwise – in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

## V.     CONCLUSIONS

For the reasons set forth herein:
1. I **accept** Judge Williams' R&R (Doc. No. 24) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation:

   a. The Commissioner's determination that Jennings was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Williams.

   b. Judgment shall enter in favor of Jennings and against the Commissioner.

   c. If Jennings wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**
**DATED** this 29th day of August, 2018.

_____
Leonard T. Strand, Chief Judge